UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　CASE NO.: 2:22-cr-23-SPC-NPM

KARL PATRICK KLUGE

## **OPINION AND ORDER**[1]

Before the Court is Defendant Karl Kluge's Restitution Objections and Motion to Empanel a Jury or Limit the Restitution Amount (Doc. 84), along with the Government's opposition (Doc. 86). After considering the parties' arguments, record, and applicable law, the Court denies the motion.

Three months ago, the Court sentenced Defendant to 97 months imprisonment for a child pornography offense.[2] (Doc. 70). The sentence followed him waiving his right to a jury trial and the Court finding him guilty after a bench trial. (Doc. 54; Doc. 57). At trial, Defendant stipulated to having over 300 images and 150 videos of "prepubescent minors engaging in sexually explicit conduct" on his thumb drive, laptop computer, and three cell phones.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] Defendant was convicted of possession and access with intent to view child pornography depicting a prepubescent minor in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Doc. 70).

(Doc. 51 at 2-3). And before sentencing, the Government gave Defendant copies of restitution requests from identified victims in 10 series. This early exchange complimented the Presentence Investigation Report, which provided a chart of 93 known child pornography series recovered from Defendant's devices. (Doc. 65 at 5-6). The PSR also attached a dozen or so victim impact statements. (Doc. 65-1). Defendant raised no factual objections to the PSR.

Although Defendant is appealing his conviction and sentence (Doc. 73), his amount of restitution is still at issue. So the Court has set a restitution hearing for next week, at which Defendant has waived his presence. (Doc. 68).

Under the law on mandatory restitution, a court must "determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim" because of a defendant's child pornography activity that depicted the victim. 18 U.S.C. § 2259(b)(2)(A). Once the court does so, it must "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." *Id.* § 2259(b)(2)(B). In simplest terms, restitution requires proof that the defendant's conduct harmed the victim and the harm caused losses.

Here, the Government will seek $39,000 in restitution for thirteen identified victims. (Doc. 86 at 4). Yet Defendant moves the Court to "either empanel a jury to determine the amount of restitution or limit the restitution

to the amount authorized by the facts found by the Court during [his] bench trial—here, nothing beyond his guilt of the offense." (Doc. 84). He does so because "[t]he Court found no facts concerning the identity of the victims, the total amount of their losses, or what portion of those losses were caused by his conduct." (Doc. 84 at 2). Defendant argues a jury needs to find these facts beyond a reasonable doubt. He says anything less will violate his Fifth and Sixth Amendment rights. Defendant gives two reasons for his motion, neither of which wins.

Defendant first argues *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Southern Union Co. v. United States*, 567 U.S. 343 (2012) prohibit this Court from ordering restitution based on its own judicial fact-finding under a preponderance of the evidence standard. A quick review of the cases provides context. In *Apprendi*, the Supreme Court held the Sixth Amendment requires a jury to find any fact that triggers an increase in a defendant's "statutory maximum" sentence. 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The term "statutory maximum" is not limited to prison time—it also applies to criminal fines. *Southern Union,* 567 U.S. at 350 ("the rule of *Apprendi* applies to the imposition of criminal fines"); *see also Blakely v. Washington,* 542 U.S. 296, 303 (2004) (explaining a statutory maximum to

3

be the harshest sentence the law lets a court impose based on facts the defendant has admitted or a jury has found). Defendant urges that *Apprendi* (and *Southern Union*) apply with equal force to restitution. The Court disagrees. And here's why.

The Eleventh Circuit has already held that "*Apprendi* does not apply to a restitution order." *Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006). So it is well-settled in this circuit that jury findings are not needed for a court's restitution order. Defendant even concedes this point. (Doc. 84 at 6). But he urges the Court to break ranks. He wants the Court to find the reasoning in *Southern Union* to abrogate *Dohrmann*. But the Court declines Defendant's suggested course.

*Southern Union* does not discuss restitution, let alone hold that *Apprendi* should apply to it. The Supreme Court only examined criminal fines—not restitution. And restitution differs from criminal fines. Although restitution and criminal fines share a penal impact, the similarity ends there. Because restitution focuses on making criminal victims whole, it also has restorative, compensatory, and remedial purposes not necessarily contemplated in criminal fines. And unlike criminal fines, there is no statutory maximum for restitution under § 2259 to trigger *Apprendi*. The Court is hard pressed to throw away *Dohrmann* based on *Southern Union*'s limited finding. And it is not alone in thinking so. *See, e.g.*, *United States v. Kachkar*, No. 19-12685,

2022 WL 2704358, at *10 (11th Cir. July 12, 2022) ("We conclude that *Southern Union* did not abrogate our holding in *Dohrmann*."); *United States v. Geovanni*, 2022 WL 291761, at *11 (11th Cir. Feb. 1, 2022) (finding *Dohrmann* foreclosed defendant's argument that the imposition of restitution violated his Sixth Amendment right to a jury trial because no jury found on the facts needed to support the restitution order); *United States v. Sawyer*, 825 F.3d 287, 297 (6th Cir. 2016) ("the district court was not required to submit the restitution claim to a jury"); *United States v. Day,* 700 F.3d 713, 731 (4th Cir. 2012) (rejecting the argument that *Southern Union* required fact-finding by a jury for restitution). What's more, the Supreme Court (fairly) recently denied a petition for a writ of certiorari on whether *Apprendi* applies to the imposition of criminal restitution. See *Hester v. United States*, 139 S. Ct. 509 (2019).³ So until either the Supreme Court or the Eleventh Circuit say otherwise, *Dohrmann* remains binding precedent and forecloses Defendant's argument.

But Defendant does not give up. He also argues, if the Court finds *Dohrmann* to be binding (which it does), the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) still requires a jury to find facts for the court to impose restitution. In *Alleyne*, the Supreme Court held "facts that

---

³ Justice Gorsuch (with Justice Sotomayor joining) dissented from denying certiorari in *Hester*, and Defendant relies on the dissent for why a jury must find all the facts necessary to justify a restitution order.

5

increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. at 108. Because § 2259 prescribes a mandatory-minimum restitution amount of $3,000, Defendant argues that imposing restitution based on judicial fact-finding is unconstitutional. (Doc. 107 at 9-10). Not so.

Restitution focuses on a victim's harms, not just a defendant's conduct. Restitution also is not an element of any offense that a jury must decide. For example, restitution under § 2259 can consider items like a victim's medical services, psychological care, lost income, and child-care expenses. But those expenses are nowhere near the elements for possessing child pornography. Thus, Defendant's constitutional rights are not violated under *Alleyne* if the Court imposes restitution based on its own fact-findings.

Finally, Defendant asserts that a factfinder must disaggregate a victim's losses from the initial abuse in calculating restitution. In doing so, however, he recognizes that the Eleventh Circuit has held the opposite in *United States v. Rothenberg,* 923 F.3d 1309 (11th Cir. 2019). Still, he argues the Eleventh Circuit incorrectly decided *Rothenberg* and notes there's a circuit court split. It's clear that Defendant makes the argument to preserve it for further appellate review, as "the Supreme Court may decide that intervention on this issue is required." (Doc. 84 at 13). At this point, *Rothenberg* is binding precedent that the Court cannot ignore. The Court thus need not disaggregate

6

the losses caused by the victim's first abuser and denies Defendant's motion as to this point.

In conclusion, binding precedent contradicts Defendant's arguments to empanel a jury to decide restitution or limit the amount based on facts the Court found at the bench trial. The Court thus denies Defendant's motion.

Accordingly, it is now

**ORDERED:**

1. Defendant Karl Kluge's Objections and Motion to Empanel a Jury or Limit the Restitution Amount (Doc. 84) is **DENIED**.

2. The restitution hearing remains set for **June 15, 2023, at 2:00 p.m.**

**DONE AND ORDERED** in Fort Myers, Florida on May 12, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record